# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICARDO MORALES, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:14-CV-943 NAB |
| JAY CASSADY, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Ricardo Morales' Petition for Writ of Habeas Corpus. [Doc. 1.] Respondent filed a response to the Petition for Writ of Habeas Corpus. [Doc. 7.] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 6] For the reasons set forth below, Robinson's petition for writ of habeas corpus will be denied.

**I.  Background**

The state appellate court found the following facts to be true[1]. Beginning in October 1998, P.L. lived with her mother, siblings, and Morales. During that time, Morales statutorily raped P.L. on numerous occasions. Morales does not contest the factual findings that, during the same time period and beginning when P.L. was ten years old, Morales touched P.L.'s vagina and clitoris on multiple occasions. The abuse took place while P.L. was living with Morales in a number of different locations.

---

[1] These facts are taken directly from the Missouri Court of Appeals' decision in Morales' direct appeal. (Resp't Ex. G at 2.) (memorandum supplementing order). A state court's determination of a factual issue made by a State court shall be presumed to be correct. 28 U.S.C. § 2254(e).

In 2009, when she was about twenty years old, P.L. moved out of the home occupied by Morales and reported the abuse to the police. After an investigation, the State charged Morales with thirteen counts of statutory rape in the first and second degree and statutory sodomy in the first and second degree. (Resp't Ex. C at 12-15.) Morales moved for a judgment of acquittal at the close of the trial. The trial court granted Defendant's motion as to Count XI and denied it in all other respects. (Resp't Ex. A at 446.) A jury convicted Morales of twelve counts of the indictment and the trial court sentenced him to 15 years in counts I, III, and IV, to run consecutively, and 10 years on counts V, VI, VII, and VIII to run concurrently, and 7 years on counts IX, X, XII, and XIII to run concurrently. (Resp't Ex. C. at 118-125.)

## II. Standard of Review

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law. Judges must be vigilant and independent in reviewing petitions for the writ, a commitment that entails substantial judicial resources." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). "In general, if a convicted state criminal defendant can show a federal habeas court that his conviction rests upon a violation of the Federal Constitution, he may well obtain a writ of habeas corpus that requires a new trial, a new sentence, or release." *Trevino v. Thaler*, 133 S.Ct. 1911, 1917 (2013). The Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to 28 U.S.C. § 2254, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings (1) resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on

an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

For purposes of § 2254(d)(1), the phrase "clearly established federal law refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). "In other words, clearly established federal law under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.* at 72. To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent which he thinks the state courts acted contrary to or unreasonably applied. *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir. 2006).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent if it correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case. *Id.* (citing *Williams*, 529 U.S. at 407–408). "A federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Penry*, 532 U.S. at 793. "A state court decision involves 'an unreasonable determination of the facts in light of the

3

evidence presented in the state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Evanstad v. Carlson*, 470 F.3d 777, 782 (8th Cir. 2006). A "readiness to attribute error is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). AEDPA's highly deferential standard demands that state court decisions be given the benefit of the doubt. *Id.*

## III. Discussion

Morales presents one claim for review. He asserts that the trial court erred in denying his motion for acquittal, because the State did not present sufficient evidence upon which a reasonable jury could have found him guilty beyond a reasonable doubt of statutory sodomy in Counts I, VIII, X, and XIII. Morales contends that there was not sufficient evidence of penetration of the victim's sexual organ to support his convictions.

The Due Process Clause of the Fifth Amendment provides that no one can be deprived of liberty without due process of law and the Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." U.S. Const. amend. V, VI. "[These] provisions require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *U.S. v. Gaudin*, 515 U.S. 506, 510 (1995).

"In the interests of finality and federalism, federal habeas courts are constrained by [AEDPA] to exercise only a limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005). State law defines the elements of state law crimes. *Fenske v. Thalacker*, 60 F.3d 478, 480 (8th Cir. 1995). "A judgment by a state appellate

court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by federal courts, as is any judgment affirming a criminal conviction." *Jackson*, 443 U.S. at 323.

A state prisoner is entitled to habeas corpus relief if the court finds that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The court must presume that the trier of fact resolved all conflicting inferences in favor of the state and the court must defer to that resolution. *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003). In reviewing the sufficiency of the evidence, the court is "not permitted to conduct its own inquiry into witness credibility; that is a task reserved to the [fact finder]." *Robinson v. LaFleur*, 225 F.3d 950, 954 (8th Cir. 2000).

Missouri state law provides that a defendant is guilty of statutory sodomy in the first degree "if he has deviate sexual intercourse with another person who is less than fourteen years of age." Mo. Rev. Stat. § 566.062(1)[2]. A defendant is guilty of statutory sodomy in the second degree "if being twenty-one years of age or older, he has deviate sexual intercourse with another person who is less than seventeen years of age." Mo. Rev. Stat. § 566.064(1). Under Missouri law, deviate sexual intercourse is defined as

> any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person or for the purpose of terrorizing the victim;

Mo. Rev. Stat. § 566.010.

---

[2] The statutes regarding statutory sodomy and the definition of deviate sexual intercourse were amended effective, January 1, 2017. The statutory references are to the statue in effect at the time of Morales' conviction.

At trial P.L. testified that Morales touched her on her clitoris and inside her vagina; placed his penis, fingers, vibrators, flashlights, and other objects into her vagina; and he performed oral sex on her and had her perform oral sex on him at various locations. (Resp't Ex. A at 261-62, 264-66, 271-76, 282-90, 295, 297-98, 306-308, 315-318, 323-26.)

The Missouri Court of Appeals denied relief on direct appeal. The state appeals court found that Morales' argument was previously rejected in *State v. Pollard*, 588 S.W.2d 212, 213 (1979), and P.L.'s testimony provided a sufficient basis for a reasonable fact finder to conclude that Morales' finger penetrated P.L.'s sex organ regarding Counts I, VIII, X, and XIII. (Resp't Ex. G at 6.) The state appeals court quoting *Pollard* stated:

> Anyone with even the most basic or rudimentary knowledge of the human anatomy of the mouth and the female genitalia [] would reach the reasonable (and indeed, inevitable) inference and conclusion from this account of the defendant's actions, if believed, without direct evidence that some degree of insertion or penetration by defendant's mouth or tongue occurred during cunnilingus.

*Pollard*, 588 S.W.2d at 215.

Further, the court found that although P.L. did not specifically testify that penetration occurred at the locations involving Counts I, VIII, X, and XIII, "Missouri law has never required such precise verbiage to meet the State's burden of adducing evidence of penetration." (Resp't Ex. G at 6.) The state appeals court also found that the exact phrase "penetration occurred" is not required before a jury may reasonably find the occurrence of penetration to support a conviction of sodomy. (Resp't Ex. G at 6-7.)

Based on a review of the entire record, the undersigned finds that the state appellate court did not commit error when determining that there was sufficient evidence to support Morales' convictions. Granting the deference due to state courts' interpretation of state law, Morales has

failed to meet his burden to show that no rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the evidence adduced at trial.

**IV.     Conclusion**

For the reasons set forth above, Morales' claim for relief will be denied. The state court's findings and conclusions regarding Morales' claims were not contrary to, nor do they involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, nor did they result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Because Morales has made no showing of a denial of a constitutional right, the undersigned does not recommend that a certificate of appealability be issued in this matter. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED**. [Doc 1.]

**IT IS FURTHER ORDERED** that, for the reasons stated herein, any motion by Petitioner for a Certificate of Appealability is **DENIED**.

Dated this 27th day of September, 2017.

                                              /s/ Nannette A. Baker
                                              NANNETTE A. BAKER
                                              UNITED STATES MAGISTRATE JUDGE